UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                              No. 1:18-CR-226

    vs.

NING XI,                                        Hon. Robert J. Jonker
                                                       Chief District Court Judge

        Defendant.
_____/

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Jennifer S. Murnahan, Assistant United States Attorney, respectfully submits this memorandum of law in support of its Application for Restraining Order pursuant to 21 U.S.C. § 853.

As part of the above-styled criminal case, the United States seeks to forfeit the following property:

> The real property located at 35 Commonwealth Avenue, Unit 303, Chestnut Hill, Massachusetts 02467, including all buildings, appurtenances, and improvements thereon, described in Unit Deed dated July 29, 2008, and recorded with the Southern Middlesex District Registry of Deeds at Book 51553, Page 380, and more particularly described in a Unit Deed from Covenant Commonwealth Newton, Inc., a Massachusetts non-profit corporation, and described in Covenant Residences on Commonwealth Condominium, a condominium created by Master Deed dated December 13, 2007, and recorded with the Middlesex South County Registry of Deeds in Book 50464, Page 291, as affected by First Amendment to Master Deed dated June 5, 2008, and recorded with said Registry of Deeds in Book 51277, Page 31 (the "Real Property").

To preserve the *status quo* with respect to the Real Property, while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation

of the Real Property.  As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue a restraining order where, as here, the United States seeks to restrain property after an Indictment has been returned.

## Procedural Background

On October 24, 2018, a federal grand jury sitting in the Western District of Michigan returned an Indictment charging Ning Xi (the "Defendant") with wire fraud, in violation of 18 U.S.C. § 1343.  The Indictment included a forfeiture allegation, which provided notice that upon conviction of that offense, the United States would seek forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, constituting or derived from any proceeds traceable to the offense. The Real Property was specifically included in the forfeiture allegation as property directly forfeitable upon conviction.

## Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Real Property, the United States now seeks a Restraining Order, restraining the transfer, alienation, concealment, or dissipation of the Real Property.  As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such restraining orders.  *See* 21 U.S.C. § 853(e)(1)(A).

### A.   Applicable Law

The forfeiture statutes applicable in this case are 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Pursuant to 18 U.S.C. § 981(a)(1)(C), a person convicted of wire fraud in violation of 18 U.S.C. § 1343 shall forfeit:  Any property, real or personal, which constitutes or is derived from proceeds traceable to that violation. 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 1956(c)(7); 18 U.S.C. § 1961(1).

Title 28, United States Code, Section 2461(c) incorporates the procedural provisions of 21 U.S.C. § 853 to provide the framework by which forfeiture under § 981 should proceed. Pertinent here, 21 U.S.C. § 853(e)(1) provides that the court may enter a restraining order upon the filing of an indictment, stating:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property...for forfeiture under this section–
>
> > (A) upon the filing of an indictment or information charging a violation...for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;...

Pre-trial restraint of assets under 21 U.S.C. § 853(e) has been approved by the United States Supreme Court.  In *United States v. Monsanto*, 491 U.S. 600 (1989), the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his apartment and $35,000 in cash prior to trial.  The Supreme Court upheld the pre-trial restraint, noting:

> "[I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that . . . the Government may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense."

*Id.* at 615-16 (emphasis in original).

### B. Post-Indictment Restraint

Any property subject to forfeiture under the applicable forfeiture statutes may be restrained pre-trial or during the pendency of a forfeiture ancillary proceeding. "The government may freeze assets pending trial where there is probable cause to believe that the property is forfeitable." *United States v. Dortch*, 2018 WL 1960777, *2 (W.D. Tenn. April 26, 2018), *citing United States v. Monsanto,* 491 U.S. 600, 615 (1989). "The return of the indictment by the federal grand

3

jury…represents a determination of probable cause sufficient to issue a restraining order under 21 U.S.C. § 853(e)(1)(a), as 'Congress intended for the indictment itself to constitute sufficient notice of the Government's intent to seek forfeiture.'" *United States v. Sellers,* 848 F.Supp. 73, 75 (E.D.La. 1994), *quoting United States v. Thier*, 801 F.2d 1463, 1468-69 (5th Cir. 1986). In determining whether to issue a restraining order, the grand jury's return of the Indictment against the defendants establishes probable cause that the charged offenses were committed and the property is subject to forfeiture.

"Pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter an *ex parte* restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture." *United States v, Rashid*, 2017 WL 4467501, *4 (E.D. Mich. October 6, 2017); *see also Kaley v. United States*, 134 S. Ct. 1090 (2014). Other courts, including the Sixth Circuit, have recognized that the right of the United States to seek pre-trial restraint extends to forfeitable assets held by third parties. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (initial issuance of restraining order may be based on grand jury's finding of probable cause); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989); *United States v. Real Property in Waterboro*, 64 F.3d 752, 755-56 (1st Cir. 1995); *United States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992); *United States v. Regan*, 858 F.2d 115, 120-21 (2d Cir. 1988). Those courts have also made clear that notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A). *Bissell*, 866 F.2d at 1352 (11th Cir. 1989); *see also United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 475 (5th Cir. 2007) (*en banc*) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) (same); *United*

*States v. Madoff*, No. 09 Cr. 213(DC), 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009) (setting forth text of order restraining everything defendant and his wife owns).

The issuance of a pre-trial restraining order is not discretionary.  If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order.  *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that Section 853(a) requires to be forfeited upon conviction").

Under the statutory scheme of 21 U.S.C. § 853(e), as incorporated by 28 U.S.C. § 2461(c), whether or not a restraining order is temporary turns on whether an indictment has been returned or information filed.  Under 21 U.S.C. § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if an indictment is returned.  *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("shall be effective for not more than ninety days, unless extended by the court for good cause shown or <u>unless an indictment or information</u>…<u>has been filed.</u>") (emphasis added).  Therefore, the filing of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one.

Moreover, unlike 21 U.S.C. § 853(e)(1)(B), which permits restraint of assets <u>prior to</u> indictment only upon a showing of certain conditions by the United States, a restraining order under § 853(e)(1)(A) after the filing of an indictment, like the one that the United States now seeks, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable.

*See United States v. Monsanto*, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property...based on a finding of probable cause, when we have held that (under appropriate circumstances), the United States may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

In the case at bar, the United States included the Real Property in the forfeiture allegation of the Indictment as property directly forfeitable to the United States and, as evidenced by the Indictment, the Grand Jury found probable cause that the Real Property is subject to forfeiture pursuant 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Accordingly, this Court has the authority to issue both a restraining order and *lis pendens* against the Real Property to prevent the transfer and/or dissipation of the Real Property pending the adjudication of any third party interests.

## **CONCLUSION**

To preserve the *status quo* with respect to the Real Property, the United States requests that the Court allow its Application for Post-Indictment Restraining Order and issue the proposed Order filed herewith.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 23, 2019

/s/ Jennifer S. Murnahan
JENNIFER S. MURNAHAN
Assistant United States Attorney
U.S. Attorney's Office
Western District of Michigan
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Jennifer.murnahan@usdoj.gov