UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                          No. 1:18-CR-226

                    Plaintiff,

                                 Hon. Robert J. Jonker
          v.                        Chief United States District Judge

NING XI,

                    Defendant.

_____/

## **JOINTLY PROPOSED JURY INSTRUCTIONS**

     The United States, through United States Attorney Andrew Byerly Birge and Assistant United States Attorneys Hagen W. Frank and Clay Stiffler, and defendant Dr. Ning Xi, through his attorneys Ronald S. Safer, Valarie Hays, and Joseph R. Coburn, request that the Court give the attached jury instructions, if applicable, at the trial of this case.  The parties reserve the right to request additional instructions, or to later object to these proposed instructions, as necessary to conform with the proofs.  Current objections of either party to the following are noted in italics at the end of the proposed instruction.

                                  Respectfully submitted,

                                    HAGEN W. FRANK
                                    Assistant United States Attorney

                                    RONALD S. SAFER
                                    Counsel for Dr. Ning Xi

# TABLE OF CONTENTS

| INSTRUCTION No. | PATTERN JURY INSTRUCTION No. | DESCRIPTION |
|---|---|---|
| 1 | 1.01 | Introduction |
| 2 | 1.02 | Jurors' Duties |
| 3 | 1.03 | Presumption of Innocence, Burden of Proof, Reasonable |
| 4 | 1.04 | Evidence Defined |
| 5 | 1.05 | Consideration of Evidence |
| 6 | 1.06 | Direct and Circumstantial Evidence |
| 7 | 1.07 | Credibility of Witnesses |
| 8 | 1.08 | Number of Witnesses |
| 9 | 1.09 | Lawyers' Objections |
| 10 | 2.01 | Introduction |
| 11 | 10.02 | Wire Fraud (18 U.S.C. § 1343) |
| 12 | 6.01 | Defense Theory |
| 13 | 2.08 | Inferring Mental State |
| 14 | 7.01 | Introduction |
| 15 | 7.02A | Defendant's Election Not to Testify (if applicable) |
| 16 | 7.02B | Defendant's Testimony (if applicable) |
| 17 | 7.12a | Evidence Summaries Admitted in Evidence |
| 18 | 7.13 | Defendant's Other Acts (if applicable) |
| 19 | 7.21 | Stipulations |
| 20 | 8.01 | Introduction |
| 21 | 8.02 | Experiments |
| 22 | 8.03 | Unanimous Verdict |
| 23 | 8.04 | Duty to Deliberate |
| 24 | 8.05 | Punishment |
| 25 | 8.06 | Verdict Form |
| 26 | 8.08 | Verdict Limited |
| 27 | 8.09 | Court Has No Opinion |
| 28 | 8.10 | Juror Notes |

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO. _1_

**Introduction**

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4) Then I will explain the defendant's position.

(5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO. _2_

**Jurors' Duties**

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proven the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4) Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

4

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  3 

**Presumption of Innocence**
**Burden of Proof**
**Reasonable Doubt**

(1) As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are

5

convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO. _4_

**Evidence Defined**

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO.   5

**Consideration of Evidence**

(1) You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3) The existence of an inference does not change or shift the burden of proof from the government  to the defendant.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO. _6_

**Direct and Circumstantial Evidence**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." (2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  _7_

**Credibility of Witnesses**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

 (A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

 (B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

 (C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

 (D) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

 (E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

7

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's  testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness'  testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  8

**Number of Witnesses**

(1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  9

**Lawyers' Objections**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  10

**Introduction**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

 [(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved each of these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.]


*Defense Note: The defense will object to the inclusion of this optional third paragraph unless this topic is raised during the trial. See Pattern Criminal Jury Instructions § 2.01, Use Note (6th Cir. 2019) ("Bracketed paragraph (3) should be included only if the possible guilt of others has been raised during the trial. Modifications of this paragraph may be necessary in conspiracy, aiding and abetting, alibi or mistaken identification cases, where the possible guilt of others may be a legitimate issue.").*

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO.  11

**10.02 WIRE FRAUD (18 U.S.C. § 1343)**

(1) The indictment charges the defendant with wire fraud.  For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant devised a scheme to defraud in order to obtain money to which he was not entitled, that is, the defendant submitted receipts for air travel that had been fabricated, altered, or previously refunded to MSU and IEEE to get money to which he was not entitled;

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C) Third, that the defendant had the intent to defraud; and

(D) Fourth, that the defendant used wire communications, or caused others to use wire communications, in interstate or foreign commerce in furtherance of the scheme.

(2) Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money by means of false or fraudulent pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

12

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

(F) To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G) The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

(3) It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme; or that the material transmitted by wire, radio or television communications was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud; or that someone relied on the misrepresentation or false statement; or that the defendant obtained money or property for his own benefit.  It is also not necessary that the interstate communication have been directly or personally done or caused by the defendant.  It is sufficient for purposes of establishing a violation of the statute if it is proven that the defendant knew that the use of interstate wire communications was a reasonably foreseeable consequence of the scheme to defraud in which he was involved.

(4) If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

13

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO.  12

**Defense Theory**

(1) That concludes the part of my instructions explaining the elements of the crime. Next, I will explain the defendant's position.

(2) It is the defendant's position that he submitted requests for reimbursements in order to recover money that he had already spent on air travel. The defendant's position is that he was not attempting to get any money to which he was not entitled. He was only trying to get reimbursed for the money that he spent related to his work travel for MSU and IEEE. In order for a defendant to be guilty of wire fraud, the Government must prove beyond a reasonable doubt that the defendant intended to harm MSU and IEEE by depriving MSU or IEEE of money or property that belonged to them. Therefore, if you find that the defendant was entitled to the payments that he sought, then he did not commit wire fraud, even if the process by which he obtained the payments was improper.

14

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO. <u> 13 </u>

**Inferring Required Mental State**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO.  14

**Introduction**

That concludes the part of my instructions explaining the elements of the crime and the

defendant's position.  Next I will explain some rules that you must use in considering some of

the testimony and evidence.

COURT'S INSTRUCTION NO.
PROPOSED INSTRUCTION NO.  15

**Defendant's Election Not to Testify or Present Evidence**

(1) A defendant has an absolute right not to testify or present evidence.  The fact that they did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendants to prove that they are innocent.

17

COURT'S INSTRUCTION NO. ____
PROPOSED INSTRUCTION NO.  16

**Defendant's Testimony**

(1) You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

18

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  17

**Evidence Summaries Admitted in Evidence**

(1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material].  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

19

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  18

**Defendant's Other Acts**

(1) You have heard testimony that the defendant committed acts other than the ones charged in the indictment.  If you find the defendant committed those acts, you can consider the evidence only as it relates to the government's claim regarding the defendant's intent, opportunity, and plan.  You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for the conduct charged in the Indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

*Defense Note: This instruction only will be necessary if other acts evidence is admitted at trial.*

20

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  19

**Stipulations**

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved: [*insert facts stipulated*].

21

COURT'S INSTRUCTION NO.

PROPOSED INSTRUCTION NO.  20

**Introduction**

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdict.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

 (5) One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  21

**Experiments, Research, Investigation, and Outside Communications**

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this

23

courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  22

**Unanimous Verdict**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

25

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  23

**Duty to Deliberate**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

COURT'S INSTRUCTION NO. ____
PROPOSED INSTRUCTION NO.  24

**Punishment**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

27

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  25

**Verdict Form**

(1) I have prepared a verdict form that you should use to record your verdict.  The form reads as follows: _____.

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson [or: Each of you] should then sign the form, put the date on it, and return it to me.

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  26

**Verdict Limited to Charges Against this Defendant**

(1) Remember that the defendant is only on trial for the particular crime charged in the

indictment.  Your job is limited to deciding whether the government has proved the crime

charged.

[(2) Also remember that whether anyone else should be prosecuted and convicted for this crime

is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal

charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the

possible guilt of others influence your decision in any way.]


*Defense Note: The defense will object to the inclusion of this optional second paragraph*
*unless this topic is raised during the trial.  See Pattern Criminal Jury Instructions § 8.08, Use*
*Note (6th Cir. 2019) ("Bracketed paragraph (2) should be included if the possible guilt of*
*others has been raised as an issue during the trial. Modifications of this paragraph may be*
*necessary in conspiracy, aiding and abetting, alibi or mistaken identification cases, where the*
*possible guilt of others may be a legitimate issue.").*

29

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  27

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

30

COURT'S INSTRUCTION NO. ___
PROPOSED INSTRUCTION NO.  28

**Juror Notes**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.